UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| GLENFORD YELLOW ROBE, | ) | CIV. 09-5040-JLV |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| STEVE ALLENDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PROCEDURAL HISTORY**

Plaintiff's verified complaint asserts claims of racial discrimination/ hostile work environment under Title VII (42 U.S.C. § 2000e *et seq.*), retaliation under Title VII, and corresponding claims under South Dakota law. (Docket 1). Defendants' answer specifically denies plaintiff's claims and asserts that "Plaintiff was apprised that in the event Plaintiff's spouse obtained an off-sale liquor license, the same would constitute a conflict of interest and as such, Plaintiff would be terminated from his employment." (Docket 12, ¶ 65).

On December 9, 2009, during the plaintiff's deposition of defendant Craig Tieszen, a former Rapid City Chief of Police, the parties placed a call to the court seeking a ruling on whether the witness should be allowed to answer a question about legal advice he may have received from City Attorney Jason Green. Defendants' counsel had instructed Mr. Tieszen not to answer the question as an assertion of the attorney-client privilege between Tieszen and

Attorney Green.  Because the parties were not under a significant time constraint, the court asked the parties to file simultaneous briefs on the issue.  The defendants subsequently filed a motion for assertion of attorney-client privilege.  (Docket 29).  A hearing was held on January 14, 2010, and counsel for the parties were given an opportunity to argue all matters pertinent to the attorney-client privilege issues.

At the motion hearing, plaintiff's counsel made it clear that he seeks to depose former Chief of Police Tieszen about all matters concerning Tieszen's contact with City Attorney Green on the conflict of interest issue.  Plaintiff asserts that Tieszen waived the attorney-client privilege because he authored and gave to plaintiff certain documents addressing plaintiff Yellow Robe's alleged conflict of interest.  The documents underlying plaintiff's claim of waiver are in the record as Exhibits RCPD 0470, 0471, and 0472.  (Docket 28-3).  Defendant Tieszen used City Attorney Green's legal conclusion as grounds to terminate plaintiff Yellow Robe from his position as compliance officer with the Rapid City Police Department.  (Docket 12, ¶¶ 64 and 65).  The defendants assert that the opinions and conclusions of Attorney Green as well as any conversations with Mr. Tieszen are confidential communications protected under the attorney-client privilege.  (Docket 29).

**ANALYSIS**

This action arises under Title VII, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*, and the Civil Rights Act of 1964, 42 U.S.C. § 1981 *et seq.* The court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and § 1343.

In federal question cases, "[t]he privilege of a witness . . . [is] governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Fed. R. Evid. 501. Accordingly, the court "must . . . apply the federal common law of attorney-client privilege to the situation presented by this case." In re Grand Jury Subpoena Duces Tecum, 112 F.3d 910, 915 (8th Cir.1997); see, e.g., In re Bieter Co., 16 F.3d 929, 935-36 (8th Cir.1994); United States v. Calvert, 523 F.2d 895, 909 (8th Cir. 1975), cert. denied, 424 U.S. 911 (1976). This is true even where the complaint alleges pendent state claims. Memorial Hosp. v. Shadur, 664 F.2d 1058, 1061 n.3 (7th Cir. 1981).

Fed. R. Evid. 502 specifically addresses the manner in which an attorney-client privilege is waived:

> **(a) Disclosure made in a Federal proceeding or to a Federal office or agency; scope of waiver.** -- When the disclosure is made in a Federal proceeding . . . and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information . . . only if:
>
>     (1)     the waiver was intentional;

> (2) the disclosed and undisclosed communications or information concern the same subject matter; and
>
> (3) they ought in fairness to be considered together.
>
> **(b) Inadvertent disclosure.** -- When made in a Federal proceeding . . . the disclosure does not operate as a waiver . . . if:
>
> (1) the disclosure is inadvertent;
>
> (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
>
> (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

Rule 502(g) includes the following definitions for use in privilege waiver determinations:

> (1) "attorney-client privilege" means the protection that applicable law provides for confidential attorney-client communications; and
>
> (2) "work-product protection" means the protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or trial.

Rule 502(g).

A client, in this case defendant Tiezsen, may "waive the protection of the attorney-client privilege . . . expressly or by implication." Sedco International, S.A. v. Cory, 683 F.2d 1201, 1206 (8th Cir. 1982) (internal citations omitted). In the case at bar, there has not been an express waiver of the privilege. To

4

determine whether there has been an implied waiver, two elements must be examined by the court, "(1) implied intention and (2) fairness and consistency." Id. Further, courts have found "waiver by implication when a client testifies concerning portions of attorney-client communication . . . and when a client asserts reliance on an attorney's advice as an element of a claim or defense . . . ." Id. (internal citations omitted). A "waiver is to be predicated . . . when the conduct . . . places the claimant in such a position, with reference to the evidence, that it would be unfair and inconsistent to permit the retention of the privilege." Id., (citing 8 J. Wigmore, Evidence § 2388, at 855). An implied waiver of the privilege may be effected by raising as a defense the party's reliance upon an attorney's advice. United States v. Workman, 138 F.3d 1261, 1263 (8th Cir. 1998) (citing Sedco, at 1206).

Plaintiff asserts that "Defendant Tieszen waived the attorney client privilege by disclosing the contents of the [City Attorney Green's] communication to Yellow Robe." (Docket 28 at p. 3). Contrary to the plaintiff's position, it is the court's view that the content of the communication between Mr. Tieszen and attorney Green was not disclosed but rather only a legal conclusion was conveyed and references were made to privileged conversations without disclosing content. (Docket 28-3, RCPD 0470, 0471 and 0472). In other words, it does not appear that Mr. Tieszen disclosed to plaintiff or any other person the specific content of his conversations with Attorney Green. All

5

Defendant Tieszen did was give to plaintiff the three documents which contained the conclusion of Attorney Green that a conflict of interest existed while plaintiff was an alcohol compliance officer with the Rapid City Police Department at the same time that plaintiff's wife was an applicant for a city liquor license.

Plaintiff's attorney-client privilege waiver argument based on <u>Tsai-Son Nguyen, et al. v. Excel Corporation</u>, 197 F.3d 200 (5th Cir. 1999) is not persuasive. The essence of the waiver determination before that court turned on the testimony of Excel's executives at deposition revealing significant portions of privileged attorney-client communications with no objection from Excel's attorneys. When the privilege ultimately was asserted through Excel's objection at the depositions, the Fifth Circuit called the effort "too little, too late." <u>Id.</u>, at 206- 208. Here, counsel for defendants timely objected to the deposition question posed by plaintiff's counsel to Mr. Tieszen the answer to which could disclose privileged attorney-client communications. The objection was made in the form of an instruction to witness Tieszen that he should not answer counsel's question. (Docket 31-3, Exhibit 2).

Based upon the foregoing analysis, it is hereby

ORDERED that the objection by defendants' counsel (Docket 31-3, Exhibit 2, page 1 lines 21 through 25 and page 2 line 1 and lines 7 through 9) is sustained, and it is further

ORDERED that defendants' motion for assertion of attorney-client privilege (Docket 29) is granted.

Dated February 1, 2010.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE