UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| GLENFORD YELLOW ROBE, | ) | CIV. 09-5040-JLV |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART |
| | ) | AND DENYING IN PART |
| vs. | ) | MOTION TO QUASH |
| | ) | SUBPOENA DUCES TECUM |
| STEVE ALLENDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PROCEDURAL HISTORY**

Plaintiff's verified complaint asserts claims of racial discrimination/ hostile work environment under Title VII (42 U.S.C. § 2000e *et seq.*), retaliation under Title VII, and corresponding claims under South Dakota law. (Docket 1). Plaintiff asserts damages for "backpay, front pay, and the value of lost employment and retirement benefits . . . [and] damages . . . for emotional distress. . . ." Id. p. 23. Defendants' answer specifically denies plaintiff's claims and asserts a number of affirmative defenses. (Docket 12, p. 11).

By a subpoena duces tecum (Docket 48), defendants served Yellow Robe Enterprises, LLC, d/b/a Dacotah Liquors, directing the production of certain documents for the deposition of Geraldine Yellow Robe.[1] (Docket 45). By agreement between defense counsel and counsel for deponent, those requests were clarified and intended to cover the following documents:

---

[1] Ms. Yellow Robe is plaintiff's wife and the apparent organizer and owner of Yellow Robe Enterprises, LLC.

> 1. All corporate records of Yellow Robe Enterprises, LLC, from its inception to the date of the deposition including the By-Laws, Corporate Minutes, Corporate Resolutions, Stock Ledger Sheets, Stock Certificates, and all documents authorizing any action taken by Yellow Robe Enterprises, LLC.
>
> 2. Federal Tax Returns filed by Yellow Robe Enterprises, LLC, from its inception to the date of the deposition, including K-1's issued to any members.
>
> 3. All documents evidencing the purchase of any real or personal property as it concerns the business operated as Dacotah Liquors at 418 Knollwood Drive, Rapid City, South Dakota 57701, including, but not limited to, Letters of Intent, Purchase Agreements, Addendums, Amendments, Bills of Sale, and any and all documents identifying any obligation to purchase and/or sell that real and personal property more fully identified herein.
>
> 4. All bank documents including correspondence, bank notes, mortgages, or other documentation evidencing any indebtedness between Yellow Robe Enterprises, LLC, and any entity including any indebtedness which is guaranteed by Yellow Robe Enterprises, LLC, and/or any of its members including, but not limited to, Geraldine Yellow Robe, Glenford Yellow Robe or any other individual.
>
> 5. All documents identifying work schedules for that business known as Dacotah Liquors which is owned by Yellow Robe Enterprises, LLC, from its inception to the date of the deposition.

(Docket 53-1, p. 3). On March 22, 2010, Yellow Robe Enterprises, Inc., [sic] and Geraldine Yellow Robe, (hereinafter jointly referred to as "Deponent") filed a motion to quash the subpoena duces tecum. (Docket 49). Defense counsel and counsel for the deponent then filed a stipulation (Docket 51) agreeing that

the subpoena and notices of depositions previously set for March 25, 2010, would be continued pending the court's ruling on the motion to quash. Defendants filed their response to the motion to quash. (Docket 52). The matter is now ripe for resolution by the court.

## DISCUSSION

"If the person is a non-party, production of documents can be compelled only by a subpoena duces tecum issued under Rule 45(d)(1)." Fisher v. Marubeni Cotton Corporation, 526 F.2d 1338, 1341 (8th Cir. 1975) (internal citations omitted). Rule 45(c)(3)(A) and (B) set the parameters for a court in either quashing or modifying a subpoena. Material to this case, those provisions state:

> (A) . . . On timely motion, the issuing court must quash or modify a subpoena that:
> . . . .
>   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
>   (iv) subjects a person to undue burden.
>
> (B) . . . the issuing court may, on motion, quash or modify the subpoena if it requires:
>
>   (i) disclosing a trade secret or other confidential . . . commercial information
>  . . . .

Id.

Deponent's grounds for asserting the motion to quash are as follows:

A. [T]he description of what is being sought is vague and overboard and oppressive and burdensome.

B. Corporate records, tax returns, real estate purchase documents, bank documents concerning indebtedness, and work schedules are absolutely irrelevant to any issue in the discrimination case.

C. [T]here are other ways of getting the essence of the information being requested.

D. [T]o the extent that defendants have requested "all tax returns" and "all bank documents," the request is for all encompassing and global confidential, private commercial information that will prejudice deponents in their quest to maintain and operate a private business.

(Docket 50, pp. 2-4). Each of these assertions will be addressed individually.

**A. WHETHER THE REQUESTED DOCUMENTS ARE RELEVANT**

"The scope of discovery under the Federal Rules of Civil Procedure is extremely broad." United States v. Three Bank Accounts, Nos. 05-4145 and 06-4005, 2008 WL 915199 at * 6 (D.S.D. April 2, 2008) (Order on Motion to Quash) (referencing 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2007, 94-95 (2d ed. 1994)). Discovery of certain information will not be allowed if the requested documents are not "relevant to the subject matter involved in the [pending] action." Fed. R. Civ. P. 26(b)(1). The Supreme Court has provided some insight on this issue:

> The key phrase in this definition-"relevant to the subject matter involved in the pending action"-has been construed broadly to encompass any matter that bears on, or that reasonably could lead

to other matter that could bear on, any issue that is or may be in the case.

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). "Discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." Id. at 352.

The party seeking discovery has the burden to demonstrate its relevancy. Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588, 592 (D. Kan. 2003). The party moving to quash a subpoena has the burden of showing a "clearly defined and serious injury . . . ." Id. "The court also may order production upon specified conditions if 'the party in whose behalf the subpoena was issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated.' " Id. (quoting Rule 45(c)(3)(C)).

Defendants assert the requested documents are relevant to plaintiff's claims as they encompass plaintiff's relationship with Yellow Robe Enterprises, LLC, in both its land acquisition and liquor license from the city of Rapid City. This relationship is at the heart of defendants' claim that plaintiff created a conflict of interest which required his termination from the Rapid City Police Department. "[Yellow Robe Enterprises, LLC] is not a mere bystander pulled into this matter arbitrarily, but a party to the contract that is the root of the dispute, and is therefore integrally related to the underlying [litigation] . . . ."

5

<u>In re Security Life Insurance Company of America</u>, 228 F.3d 865, 871 (8th Cir. 2000) (internal citation omitted).

Whether plaintiff was a member, employee, or manager of the limited liability company is relevant to the conflict of interest issue. Company documents, such as the articles of organization, annual report(s), membership certificates, management agreements, or employee agreements issued by the company to plaintiff, are pertinent documents for determining that relationship. Defendants have failed to demonstrate how by-laws, minutes, resolutions, stock ledger sheets, stock (membership) certificates issued to others, or other documents authorizing the limited liability company to act would be relevant to any of the issues in this case or likely lead to the discovery of admissible evidence.

By plaintiff's own testimony he was unfamiliar with the contents of the purchase agreement or the particular timing of his wife's transaction to purchase the real property, which became the business premises of Dacotah Liquors. It is through the ownership of real property that Yellow Robe Enterprises, LLC, would become qualified to apply for a liquor license transfer with the city of Rapid City. Plaintiff's deposition discloses the following:

> Q: And at the time you had the initial conversation with [Officer] Walton and then with [Officer] Hofkampt, did you have a binding agreement to buy the liquor store now known as Dakota [sic] Liquors? . . .

> A: I believe she had made something verbal, some kind of verbal agreement with the owners that she wanted to purchase . . . .
>
> Q: When to the best of your recollection was there a writing . . . signed by your wife and the sellers of the business now known as Dakota [sic] Liquors?
>
> A: Well, to the best of my knowledge it was pretty informal . . . . And so I really couldn't say when something was officially put on paper. She would have those documents.

(Docket 50-1) (Yellow Robe deposition, p. 118, lines 3-25; p. 119, lines 1-2).

> Q: Now, when you were having these meetings with Mr. Hofkamp that began in the first quarter of 2006, is it fair to say, sir, that at this point in time neither you nor your wife had a purchase agreement signed which would entitle you to buy the business . . . .
>
> A: I guess I don't know the date of that purchase agreement . . . .

Id. at p. 121, lines 4-11.

> Q: Have you seen the purchase agreement that your wife signed?
>
> A: Yes

Id. at p.122, lines 22-24.

> Q: And as you sit here today, Mr. Yellow Robe, you do not personally know what the terms of the purchase agreement are or were so you really can't speak to what the contractual obligation was. Is that fair?
>
> A: Yes.

Id. at p. 135, lines 18-22.

Timing of the real estate purchase may be relevant to the conversations between plaintiff and leadership within the Rapid City Police Department. This issue may be resolved by a confirmation of dates through the purchase agreement and addendums with the sellers, as well as the closing documents, that is, a contract for deed or warranty deed or other document of transfer of title. Documents associated with the purchase of personal property, for example, buy-sell agreements or bills of sale, would have no bearing on the real estate transaction or the application for transfer of the liquor license. Defendants have not shown how these personal property related documents would be relevant to the issues in this litigation.

Defendants cite Dunlap v. Midcoast-Little Rock, Inc., 166 F.R.D. 29 (E.D. Ark. 1995) and Storie v. United States, 142 F.R.D. 317, 320 (E.D. Mo. 1991) for the proposition that tax returns are discoverable in a Title VII case as justification for the production of all of the tax records of Yellow Robe Enterprises, LLC. (Docket 52, p. 5). Both Dunlap and Storie dealt specifically with a plaintiff's personal tax returns and not the records of a non-party third person or entity.

Shoenbaum v. E.I. Dupont de Nemours and Company, No. 4:05CV01108 2009 WL 249099 (E.D. Mo. February 2, 2009) (memorandum and order) provides guidance on the disclosure of tax returns:

> Good cause must be shown for federal income tax returns to be discoverable. See Taylor v. Atchison, Topeka and Santa Fe Ry. Co.,

> 33 F.R.D. 283, 286 (W.D. Mo.1962). To determine whether disclosure is appropriate, most courts apply a two-part test. A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 191 (C.D. Cal.2006). The test states that "[f]irst, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." Hilt v. SFC Inc., 170 F.R.D. 182, 189 (D. Kan. 1997) (internal citation omitted).

Id. at * 1. With this guidance, the following observations can be made. "[T]he plaintiff's tax returns . . . are reasonably calculated to lead to the discovery of evidence relevant to the [defendants'] defense. The [defendants] must be entitled to obtain discovery regarding [Mr. Yellow Robe's] income as reported to the Internal Revenue Service in order to evaluate and defend against [his] claim for lost wages. . . . [His] tax returns are important evidence that may verify or contradict this assertion." Young v. United States 149 F.R.D. 199, 204-05 (S.D. Cal. 1993); but see Premium Service Corporation v. Sperry & Hutchinson Company, 511 F.2d 225, 229 (9th Cir. 1975) (upholding an order to quash a subpoena for tax returns from a third party based upon the policy against unnecessary disclosure). Defendants have not articulated how the tax records of Yellow Robe Enterprises, LLC, Geraldine Yellow Robe, or any other employee or member of the limited liability company are relevant to this litigation.

Plaintiff's own schedule of work within or for the limited liability company may be relevant to an economic loss claim or defense related to post-termination income. Defendants have failed to explain how other

9

employees' work schedules are relevant to this litigation. Production of employee work schedules of Yellow Robe Enterprises, LLC, for its business enterprise, Dacotah Liquors, should be limited to those time slips, work schedules, or other proof of hours worked by plaintiff since May of 2007 through the date of production under the subpoena duces tecum.

Plaintiff has not asserted a claim for loss of any investment or future opportunity within the limited liability company. Defendants have not shown how the underlying indebtedness incurred by the limited liability company, Ms. Yellow Robe, or plaintiff, whether through a real estate mortgage, business loan, or guarantees, are relevant to the claims of plaintiff or the defenses asserted by defendants. Defendants are not entitled to any of these records from deponent.

**B.    WHETHER THE SUBPOENA CREATES AN UNDUE BURDEN**

Even if the requested documents and information are relevant, discovery may be denied if the party seeking discovery fails to show its specific need for the information, compliance with the request is unduly burdensome or oppressive, or the harm of disclosure would outweigh the need of the person seeking discovery of the information. See Fed. R. Civ. P. 26(b)(1); Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999) (citing Micro Motion, Inc. v. Kane Steel Co., 894

F.2d 1318, 1323 (Fed. Cir. 1990)); and American Standard, Inc. v. Pfizer, Inc., 828 F.2d 734, 739-42 (Fed. Cir. 1987).

"In determining whether a subpoena presents an undue burden, courts consider the following factors: '(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed.'" Jade Trading, LLC v. United States, 65 Fed. Cl. 188, 190 (Fed. Cl. 2005) (quoting Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004)). "While broad discovery is generally encouraged, a right to discovery is not unlimited." Id. (citing Micro Motion, 894 F.2d at 1322) (citing Hickman v. Taylor, 329 U.S. 495, 507 (1947)). "Moreover . . . concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." Miscellaneous Docket Matter #1, 197 F.3d at 927 (internal citations omitted).

The relevant documents generally identified above are certainly not extensive, since the limited liability company has only been in existence since May of 2007. (Docket 52, p. 3). Furthermore, production of these documents would not create a significant burden on deponent for the time expended to gather the information or the associated photocopying expense. Since Yellow Robe Enterprises, LLC, appears to be so integrally connected to plaintiff, the

11

inconvenience to deponent seems minor when compared to the relevancy of the documents sought by defendants.

**C.     WHETHER THE INFORMATION IS ACCESSIBLE ELSEWHERE**

Rule 26(b)(2)(C) permits the court to limit discovery where "(i) the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive. . . ." Official filings with the Office of the Secretary of State in South Dakota may be accessed efficiently and without cost through the internet. Those filings generally include articles of incorporation or organization, amendments to articles, annual reports, and resident agent information.

Production of the organizational records of Yellow Robe Enterprises, LLC, shall be limited to documents not otherwise accessible through the South Dakota Secretary of State. Those company records for production by deponent include the following:

    a.    Any pre-organizational agreements which were executed by or intended to include plaintiff.

    b.    Any statement, ledger, or certificate which identifies the membership or stock certificate issued to plaintiff.

    c.    Any employment agreement between Yellow Robe Enterprises, LLC, and plaintiff.

    d.    Any management agreement between Yellow Robe Enterprises, LLC, and plaintiff.

Plaintiff's federal income tax information, such as W-2s or K-1s, are relevant to his claim of backpay, front pay or post-termination earnings. To access plaintiff's tax records and other salary information, defendants could file a request for production directed to plaintiff requiring production of those documents. Alternatively, defendants could obtain this information directly from the Internal Revenue Service by requesting plaintiff to execute tax information authorizations for the years critical to plaintiff's claim or defendants' defense. Either option does not involve the tax records of a non-party – Yellow Robe Enterprises, LLC.

Defendants assert an interest in discovering the underlying purchase agreements and addendums to such agreements, as well as documents of transfer of title between deponent and the seller of the real property where Dacotah Liquors does business. Transactional documents such as warranty deeds, contracts for deed, certificates of real estate value, and real estate mortgages are accessible to the public for a small fee through the Pennington County Register of Deeds Office. Production of documents from deponent related to the purchase of the real property for the business premises of Dacotah Liquors at 418 Knollwood Drive, Rapid City, South Dakota, shall be limited to documents not otherwise accessible through the Office of the Register of Deeds, Pennington County, South Dakota. Those documents would be the following:

a. Any letters of intent to purchase the real property.

b. Any purchase agreement, addendums or amendments thereto related to the real property.

**D. WHETHER THE REQUESTED DOCUMENTS ARE PRIVILEGED**

Rule 45(c)(3)(A) and (B) allows the court to deny or restrict discovery of documents which may be privileged, confidential, or otherwise protected. Under both Rule 45 and Rule 26(c)(1), "[t]he district court may in appropriate cases seal documents or deposition testimony to ensure that they will be used only for judicial purposes and will not be disseminated." Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000). "A common practice in federal courts regarding a claim of confidential financial information is to place the burden on the party claiming the privilege. . . . Upon a showing that the information falls into a protected category and that disclosure may be harmful, the burden shifts to the requesting party to establish both relevance and need for the information. The court then weighs the respective interests involved." State Farm Mutual Insurance Company v. Policherla, No. 08-13939, 2009 WL 2170183 at * 3 (E.D. Mich. July 20, 2009) (Order Denying Defendants' Motion to Quash and Granting Plaintiff's Motion to Compel Defendants' Production of Documents) (internal citation omitted).

Deponent claims that its company bank records and other commercial documents are privileged and protected from public disclosure because "other competitors and town critics [would then] know about their business." (Docket

14

50, p. 5). Deponent's internal commercial documents are certainly entitled to the protections contemplated by Rule 26(c)(1) and Rule 45(c)(3)(A) and (B) as confidential financial information. Access to any of those business records should be limited to defendants solely for the purposes of this litigation and not for dissemination to the general public.

## DECISION

Based on the foregoing discussion, it is hereby

ORDERED that the motion to quash subpoena duces tecum (Docket 49) is granted in part and denied in part.

IT IS FURTHER ORDERED, pursuant to Rule 26(b)(1) and Rule 45(c)(3)(A) and (B), that the subpoena duces tecum (Docket 48) be modified to limit production from Yellow Robe Enterprises, LLC, d/b/a Dacotah Liquors, to the following documents:

1. Limited liability company organizational records of Yellow Robe Enterprises, LLC, namely:

    a. Any pre-organizational agreements which were executed by or intended to include plaintiff, Glenford Yellow Robe.

    b. Any statement, ledger, or certificate which identifies the membership or stock certificate issued to plaintiff, Glenford Yellow Robe.

    c. Any employment agreement between Yellow Robe Enterprises, LLC, and plaintiff, Glenford Yellow Robe.

d.   Any management agreement between Yellow Robe Enterprises, LLC, and plaintiff, Glenford Yellow Robe.

2. Documents for the acquisition of the real property located at 418 Knollwood Drive, Rapid City, South Dakota, namely:

   a.   Any letters of intent to purchase the real estate.

   b.   Any purchase agreement, addendums or amendments thereto related to the real estate.

3. Work schedules for plaintiff, Glenford Yellow Robe, including time slips or other proof of hours worked, for Yellow Robe Enterprises, LLC, or its business enterprise, Dacotah Liquors, beginning May 1, 2007, through the date of production under the subpoena duces tecum.

IT IS FURTHER ORDERED that any documents produced pursuant to the subpoena duces tecum and the information contained in them shall be protected against unauthorized disclosure and defendants shall not disclose the documents or their contents to any non-party and shall limit their use to this litigation only.

Dated April 30, 2010.

                              BY THE COURT:


                              /s/ *Jeffrey L. Viken*
                              JEFFREY L. VIKEN
                              UNITED STATES DISTRICT JUDGE